```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
 -------------------------------X
  SEWN NEWTON,

           Petitioner,                  MEMORANDUM AND ORDER

      -against-                         Civil Action No.
                                        CV-04-3885 (DGT)
  UNITED STATES OF AMERICA,

           Respondent.

 -------------------------------X
```

Trager, J:

Sewn Newton ("Newton" or "movant") filed this § 2255 motion seeking to vacate his sentence. For the reasons explained below, Newton's motion is denied.

**Background**

On January 9, 2001, a .22 caliber weapon was discovered in Newton's apartment by New York State parole officers and officers of the New York City Police Department. At the time of the search, Newton had a number of state felony convictions on his record, which is discussed in depth infra. On January 10, 2001, Newton was charged under state and local law. On or about January 25, 2001, those charges were dropped and Newton was transferred to federal custody. On February 6, 2001, a federal grand jury sitting in the Eastern District of New York charged Newton in a single-count indictment with being a felon in

possession of a firearm.  Newton stood trial twice; the first trial ended in mistrial as the jury was deadlocked.  Newton's second trial began on May 20, 2002; on May 24, 2002, the jury returned a verdict of guilty.

Prior to sentencing, the government submitted a letter stating that Newton qualified for enhanced sentence under 18 U.S.C. § 924(e) based on his prior convictions.  Gov't's August 5, 2002 letter.  The letter included certified copies of Newton's state criminal history, which showed that Newton had been convicted of attempted robbery in the second degree on two separate occasions (October 23, 1992 and July 15, 1993).  The July 15, 1993 conviction, which Newton received under the alias Rodney Joyner, was later consolidated under Newton's NYSID number.  Newton also had previously convicted, in 1995, of Criminal Possession of a Controlled Substance in the Third Degree with the Intent to Sell.  Not only did this offense appear on Newton's criminal record, but Newton's counsel also stipulated to this fact before sentencing.

On November 25, 2002, Newton was sentenced to 180 months incarceration[1], the minimum term permitted by statute, see 18 U.S.C. § 924(e)(1), five years' supervised release, and a $100

---

[1] Newton faced a sentencing range of 210-262 months, based on an offense level of 33, U.S.S.G. § 4B1.4 (pertaining to "armed career criminals"), and a criminal history category of V. Newton's sentence was downwardly departed from this ranged based on a variety of factors including Newton's mental state.

special assessment.

Newton's trial counsel ("trial counsel") stated at sentencing that although she had previously believed, based on the presentence report, that Newton's two attempted robbery convictions may have either been "one case or two cases that were essentially sentenced together," further research revealed that those two convictions "were, in fact, separate underlying events that were handled separately by the courts." Sentencing Tr. at 3. Trial counsel also stated that she could not, in good faith, argue that Newton's 1995 criminal possession conviction was not a qualifying felony for purposes of qualifying Newton as an armed career criminal, as Newton's conviction fell "solidly within the purview of the statute." Id. at 4. At sentencing, Newton personally raised a number of issues. Other than granting a downward departure based on Newton's unstable mental and emotional condition, all of Newton's arguments were denied.

Newton filed a timely appeal and on May 26, 2004 the Second Circuit issued an opinion rejecting Newton's claims that: (1) he was not in custody when interrogated by officers in his home on January 9, 2001; (2) his interrogation did not fall under the "public safety" exception of Miranda; (3) the parole and police officers exceeded the scope of their authority in searching his apartment; and (4) the government's summation warranted a new trial.

On September 2, 2004, Newton timely filed the instant motion pursuant to 28 U.S.C. § 2255. Newton's § 2255 motion was handwritten and barely legible; as such, it was very difficult to decipher exactly what arguments he is making.

## Discussion

### (1)

### Procedural Bar

Newton raises the following five claims[2]: (1) that the government's introduction, at sentencing, of two of Newton's prior convictions was improper; (2) that two of his prior felony convictions had been consolidated and, therefore, did not constitute separate offenses for purposes of determining his status as an armed career criminal; (3) that one of his prior felony convictions had been adjudicated when he was a juvenile; (4) that the double jeopardy clause was violated because he was

---

[2] On the standard form he filed, Newton checked six lettered boxes indicating various alleged constitutional violations. Pet. 4-5. The instant § 2255 motion, however, only advanced arguments in support of "(g)", a violation of the protection against double jeopardy and "(I)", denial of effective assistance of counsel. Newton also checked boxes "(c)", "(d)", "(e)" and "(f)", asserting that the prosecutor failed to disclose evidence favorable to the defense (box "f") and that his conviction was obtained: by evidence gained from an unconstitutional search and seizure (box "c"); by use of evidence obtained pursuant to an unlawful arrest (box "d"); and in violation of the privilege against self-incrimination (box "e"). Newton, however, provided no facts, arguments or additional explanation in support of the claims referenced in (c), (d), (e) and (f). Accordingly, those claims are dismissed.

4

indicted in federal the system after state charges had initially been filed against him; (5) that his appellate counsel was ineffective for failing to raise the consolidation and juvenile status issues on appeal.

Because Newton did not raise any of his first four claims on direct appeal, he is, therefore, barred from raising them in a § 2255 motion. Where a defendant "procedurally forfeits his claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 "only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' or (2) 'actual innocence.'" <u>Rosario v. United States,</u> 164 F.3d 729, 732 (2d Cir. 1998) (citations omitted); <u>see also</u> <u>Massaro v. United States,</u> 538 U.S. 500, 504 (2003) ("[Generally], claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). Newton is unable to show cause, as he fails to provide any explanation as to why these issues were not raised on direct appeal. Moreover, as discussed <u>infra</u>, Newton cannot show prejudice as his claims are substantively meritless.

**(2)**

**Newton's Claims Are Meritless**

**a. Introduction at sentencing of prior felony convictions**

Newton does not provide a clear explanation as to why the government's introduction of evidence was improper. He appears to be arguing that the government's introduction of his two attempted robbery convictions at sentencing was improper because those convictions should have been introduced at trial.[3] However, the government's introduction of Newton's prior convictions at sentencing was permissible, as Newton's prior convictions did not have to be presented to the jury. See <u>United States v. Apprendi</u>, (holding that "<u>other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added).

**b. Double jeopardy**

Newton argues that his conviction constituted a double jeopardy violation. Although originally arrested on January 9, 2001 by New York State authorities and charged in connection with possession of a weapon in the state system, Newton was subsequently transferred into federal custody on or about January 25, 2001. The state charges against Newton were dismissed

---

[3] It appears that one of Newton's prior convictions, most likely the criminal possession conviction, was introduced at trial.

concurrent with that transfer.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Jeopardy attaches when a jury is empaneled and sworn in, or, in a bench trial, when the judge begins to receive evidence. U.S. v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977) (citing Illinois v. Somerville, 410 U.S. 458, 471 (1973) (White, J., dissenting)). Because neither of these events happened in the Newton's state case, jeopardy never attached in relation to those state charges. Upon being transferred to federal custody on January 25, 2001, Newton's state charges were dismissed before either of the necessary triggering events occurred in state court.[4]

**c. Ineffective assistance of counsel**

Newton claims that appellate counsel provided ineffective assistance by failing to argue that his attempted robbery convictions were consolidated and that one of his prior felony convictions was adjudicated when he was a juvenile.[5] These

---

[4] Moreover, even if Newton's state charges had been dismissed on the merits, Newton's subsequent prosecution in federal court would have been permitted under the doctrine of dual sovereignty. Heath v. Alabama, 474 U.S. 82 (1985); Bartkus v. People of State of Ill., 359 U.S. 121 (1959).

[5] Newton also raises, as independent claims, the consolidation and juvenile status issues underlying his claim of ineffective assistance of counsel. As noted earlier, these two claims procedurally barred because they were not raised on direct appeal. Moreover, as discussed infra, they are also substantively meritless.

claims are meritless.

To prevail on a Sixth Amendment ineffective assistance of counsel claim, the defendant must demonstrate (1) that the representation of counsel "fell below an objective standard of reasonableness" measured under "prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that counsel's deficient performance "prejudiced the defense so as to deprive the defendant of a fair trial." Id. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and judicial scrutiny of the performance of counsel "must be highly deferential." Id. at 689-90. The two pronged test of Strickland applies to both trial counsel and appellate counsel.

Not only must the movant show counsel's representation was deficient, but he must also meet the second prong of the Strickland test and show that, but for counsel's inadequate performance, "there is a reasonable probability" that counsel's deficient conduct was "sufficient to undermine confidence in the outcome." 466 U.S. at 694. Even if professionally unreasonable, an error by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. The Strickland test applies to both appellate and trial counsel. See Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (holding the Strickland test applicable to

claims of ineffective assistance of appellate counsel).

Trial counsel initially questioned whether Newton's two attempted robbery convictions were, in fact, treated as two separate offenses. However, trial counsel ultimately acknowledged that this was not a colorable argument. Sent. Tr. at 2. Although Newton's 1993 robbery conviction, which was originally filed under Newton's alias Rodney Joyner, was ultimately consolidated under Newton's NYSID number, that action in no way indicates that his two attempted robbery convictions should be treated as a single offense. Moreover, Newton has come forward with no evidence suggesting that his two robbery convictions were treated as anything other than separate offenses.

Newton also claims that one of his prior felony convictions was adjudicated in 1990 when he was a juvenile. Newton maintains that, as such, that conviction should not have been considered in determining whether he qualified as an armed career criminal. However, the juvenile conviction that Newton is referring to was not one of the three convictions that the government relied in qualifying Newton was an armed career criminal. Moreover, the certificate of disposition for Newton's October 23, 1992 attempted robbery conviction explicitly states that "[t]his defendant did <u>not</u> receive a youthful offender adjudication." (Emphasis in original).

## Conclusion

For the reasons set forth above, Newton's § 2255 motion is denied. Further, a certificate of appealability shall not issue because movant has not demonstrated a substantial showing of a constitutional violation. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close the case.

Dated: Brooklyn, New York
September 28, 2007

SO ORDERED:

_____/s/_____
David G. Trager
United States District Judge